**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Thomas R. Mulhearn, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 8158 |
| | ) | |
| LVNV Funding, LLC, a Delaware limited | ) | |
| liability company, Blatt, Hasenmiller, | ) | |
| Leibsker & Moore, LLC, an Illinois limited | ) | |
| liability company, Resurgent Capital | ) | |
| Services, L.P., a Delaware limited | ) | |
| partnership and Capital Management | ) | |
| Services, LP, a Delaware limited | ) | |
| partnership, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Thomas R. Mulhearn, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendants reside and transact business here.

### PARTIES

3.     Plaintiff, Thomas R. Mulhearn ("Mulhearn"), is a citizen of the State of Colorado, from whom Defendants attempted to collect a delinquent consumer debt

owed for a Citibank credit card, which was then allegedly owed to a bad debt buyer, LVNV Funding, LLC and/or Resurgent Capital Services, LP, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant, Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt"), is a Illinois limited liability company, and law firm, that is headquartered in Chicago, Illinois.  Blatt acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant Blatt was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7.     Defendant, Capital Management Services, L.P. ("CMS"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant CMS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

8.     Defendants LVNV, Blatt, Resurgent and CMS are all licensed to conduct business in the State of Illinois and maintain registered agents within the State of Illinois. See, records from the Illinois Secretary of State, attached as Group Exhibit A.  In fact, Defendants LVNV, Blatt, Resurgent and CMS all conduct business in Illinois.

9.     Defendants LVNV, Resurgent and CMS are licensed as debt collection agencies in the State of Illinois.  See, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B.  In fact, Defendants LVNV, Resurgent and CMS act as collection agencies in Illinois.

10.    Defendants LVNV and Resurgent are sister corporations.  Defendant LVNV is a bad debt buyer, and Defendant Resurgent manages collection on the portfolios of debts that LVNV buys.

**FACTUAL ALLEGATIONS**

11.    Mr. Mulhearn is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed originally to Citibank.  At some point in time, Defendant LVNV bought Mr. Mulhearn's Citibank debt after he defaulted on it, and when Defendants began trying to collect the Citibank debt from him, he sought the

assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

12.     Specifically, via a letter dated April 2, 2010, Defendant CMS demanded that Mr. Mulhearn pay the Citibank debt.  In this letter, Defendant CMS stated that Defendant Resurgent Capital Services was the current owner of the debt.  A copy of this letter is attached as Exhibit C.

13.     Accordingly, via a letter dated April 29, 2010, and sent via facsimile on May 2, 2010, one of Mr. Mulhearn's attorneys at LASPD informed Defendant LVNV, through its agent, CMS, that Mr. Mulhearn was represented by counsel, and directed LVNV to cease contacting him, and to cease all further collection activities because Mr. Mulhearn was forced, by his financial circumstances, to refuse to pay his unsecured debt.  A copy of this letter is attached as Exhibit D.

14.     Defendant LVNV then had Defendant Blatt send Mr. Mulhearn a collection letter, dated November 10, 2010, demanding payment of the Citibank debt, which now stated that the owner was LVNV Funding, LLC.  A copy of this collection letter is attached as Exhibit E.

15.     Accordingly, on November 29, 2010, Mr. Mulhearn's LASPD attorney again sent Defendants a letter, directing them to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit F.

16.     Nonetheless, Defendants sent a collection letter, dated December 14, 2010, to Mr. Mulhearn, which demanded payment of the Citibank debt.  A copy of this letter is attached as Exhibit G.

17.      Defendant Resurgent does not own debts and was never the owner of

Mr. Mulhearn's Citibank debt; rather, at all relevant times, the debt was owned by Defendant LVNV.

18.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

19.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

20.     Plaintiff adopts and realleges ¶¶ 1-19.  Count I is brought against Defendants LVNV, Blatt and Resurgent.

21.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

22.     Here, the letters from Mr. Mulhearn's agent, LASPD, told Defendants to cease communications and to cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

23.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692g(a)(2)
## Failure To Identify The Current Creditor

24.     Plaintiff adopts and realleges ¶¶ 1-19.  Count II is brought against Defendants CMS, LVNV and Resurgent.

25.     Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, Defendant must provide consumers with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

26.     Defendants' form collection letter fails to identify the current creditor to whom the debt is owed, because it states that Defendant Resurgent is the "current creditor", when, in fact the creditor is LVNV; Resurgent was never the "creditor" on the account.  Thus, Defendants' form collection letter violates § 1692g(2) of the FDCPA.

27.     Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692e Of The FDCPA --
## Making False Statements

28.     Plaintiff adopts and realleges ¶¶ 1-19.  Count III is brought against Defendants CMS, LVNV and Resurgent.

29.     Section 1692e of the FDCPA prohibits Defendants from making any false, deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

30.     Defendants' form collection letter falsely states that the "current creditor" is Resurgent, when, in fact, Defendant LVNV was the creditor on the account.  Thus,

Defendants' letter is false, deceptive or misleading, in violation of § 1692e of the FDCPA.

31.     Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Thomas Mulhearn, prays that this Court:

1.      Find that Defendants' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Mulhearn, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Thomas Mulhearn, demands trial by jury.

Thomas Mulhearn,

By: /s/ David J. Philipps____
One of Plaintiff's Attorneys

Dated:  December 23, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com